UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHELLI L. PARRELLA,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-116

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; (2) *PRO SE* PLAINTIFF'S REQUEST FOR A SENTENCE FOUR REMAND BE DENIED; AND (3) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal brought *pro se*. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's Reply (doc. 14), the administrative record (doc. 8), and the record as a whole.[2] Given her *pro se* status, Plaintiff's filings and arguments are liberally construed in her favor. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (stating that *pro se* pleadings "are entitled to a liberal construction" and that "appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief'") (citations omitted).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

**A. Procedural History**

Plaintiff filed for SSI claiming disability as a result of a number of impairments including, *inter alia*, degenerative disc disease, fibromyalgia, and an anxiety disorder. PageID 56.

After an initial denial of her application, Plaintiff received a hearing before ALJ Paul R. Armstrong on November 17, 2015. PageID 185. ALJ Armstrong issued a written decision on January 11, 2016 finding Plaintiff not disabled. PageID 185-98. The Appeals Council subsequently granted review of and remanded Plaintiff's claim for a consideration of new medical evidence. PageID 205-07.

On remand, Plaintiff received a second administrative hearing before ALJ Mark Hockensmith. PageID 119. ALJ Hockensmith issued a written decision on May 17, 2017 again finding Plaintiff not disabled. PageID 54-68. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 62-68.

Thereafter, the Appeals Council denied Plaintiff's request for a review of ALJ Hockensmith's May 17, 2017 decision, making his non-disability finding the final administrative decision of the Commissioner. PageID 70-72. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely *pro se* appeal. *Cook v. Comm'r*

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

*of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This May 17, 2017 non-disability finding by ALJ Hockensmith (hereinafter "ALJ") is now before the Court for review.

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 54-68), Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability Defined"**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.  Has the claimant engaged in substantial gainful activity?;

2.  Does the claimant suffer from one or more severe impairments?;

3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

Liberally construing her Statement of Errors, Plaintiff argues that the ALJ erred on remand in: (1) failing to consider the alleged side effects of her medications; (2) calculating her mental RFC; and (3) posing incomplete hypotheticals to the Vocational Expert ("VE") and relying on the answers to the same. PageID 842, 856-63.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record, appropriately considered the medical evidence at issue, accurately determined Plaintiff's RFC, and rendered a non-disability decision properly based on the evidence before him. Accordingly, the Court finds the ALJ's non-disability decision supported by substantial evidence.

**A. Side Effects of Plaintiff's Medication**

Plaintiff first argues that the ALJ failed to consider the side effects of her medication. PageID 842. Indeed, in evaluating whether Plaintiff's impairments have limiting effects on her "ability to do basic work activities," Social Security Ruling ("SSR") 96–7p, 1996 WL 374186, at *2 (July 2, 1996), one relevant factor is "the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms," 20 C.F.R. § 416.929(c)(3). To that end, the ALJ cited medical records and Plaintiff's own testimony noting the effectiveness of medications, but did not explicitly address side effects. PageID 57, 63.

Such a failure is not, however, in and of itself error. An ALJ can consider all the evidence without directly addressing in his or her written opinion every piece of evidence submitted by the parties. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006). But even assuming, *arguendo*, that it was, the ALJ's omission was harmless and does not merit reversal. Allegations of side effects must be supported by objective medical evidence. *See Essary v.*

*Comm'r of Soc. Sec.*, 114 F. App'x 662, 665-66 (6th Cir. 2004) (where claimant testified that she suffered from dizziness and drowsiness as a result of her medications, the ALJ did not err in finding that she suffered no side effects where her medical records contain no such reported side effects to her physicians); *Farhat v. Sec'y of Health & Human Servs.*, No. 91-1925, 1992 U.S. App. LEXIS 18401, at *3 (6th Cir. July 24, 1992) ("[Plaintiff's] allegations of the medication's side-effects must be supported by objective medical evidence"). Such is not the case here. Plaintiff, herself, neglected to mention to the ALJ side effects of her medications and her medical records are similarly devoid of indications of disabling side effects. *See, e.g.*, PageID 810 ("medications are helping"); PageID 813 ("[Plaintiff] returned post-operation without complications"); PageID 815 ("no evidence of other adverse effects from medications"). Thus, the undersigned finds no merit in Plaintiff's first assignment of error.

### B. Mental RFC

Plaintiff next argues that the ALJ erred in calculating her mental RFC. PageID 842. Specifically, Plaintiff contends that the ALJ dismissed the diagnosis made by her treating mental health professionals and did not account for her alleged suicide attempts. *Id.* However, the ALJ explicitly found Plaintiff's severe impairments include "dysthymic and anxiety disorders" -- the only mental health disorders documented in her treatment records. PageID 56, 761-77. The ALJ also determined that, secondary to those mental impairments, Plaintiff had the RFC to perform work that involved no more than "simple, routine tasks performed in a static work environment with few changes in routine; and no work involving fast pace or strict production quotas." PageID 62.

In formulating the RFC, the ALJ adopted the opinions of two state agency reviewing psychologists, noting that there were no contradictory opinions in the record. PageID 66. He also found dispositive Plaintiff's consistently normal mental examinations, as well as the minimal

mental health treatment in the record. PageID 65. Moreover, the ALJ explicitly considered that "she reported thoughts of suicide…but denied current suicidal ideation." PageID 60. The undersigned therefore finds that the ALJ's mental RFC is supported by substantial evidence. *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. Appx. 435, 443 (6th Cir. 2010) (finding an RFC supported by substantial evidence where "[a]n ALJ considers numerous factors in constructing a claimant's RFC, including the medical evidence, non-medical evidence, and the claimant's credibility); *Buxton*, 246 F.3d at 773 (noting the ALJ has a "zone of choice within which he [or she] can act without the fear of court interference").

**C. Incomplete Hypotheticals**

Finally, Plaintiff argues that the ALJ erred in posing incomplete hypotheticals to the VE. At Step Five, the ALJ may rely on the VE's testimony -- to establish that significant jobs exist in the national economy that Plaintiff can perform -- only where "the vocational expert's testimony was in response to a hypothetical question that accurately reflected [Plaintiff's] impairments." *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 467 (6th Cir. 2003). Here, the ALJ posed hypotheticals to the VE reflecting an individual who could work at a reduced range of the medium, light, and sedentary levels. PageID 110-13. At each exertional level, the VE testified that there were significant jobs in the economy that Plaintiff could perform. *Id*. The ALJ need only include in the RFC those limitations that he or she accepts as credible. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Accordingly, the ALJ ultimately determined Plaintiff had the RFC -- consistent with the hypotheticals posed to the VE -- to perform a reduced range of light work and was, therefore, not disabled. PageID 62.

It is unclear as to which portion of the ALJ's hypotheticals Plaintiff takes issue. However, because the undersigned finds the RFC is supported by substantial evidence, the ALJ did not err

7

in relying on the VE's answers to the corresponding hypothetical reflecting the same. *Kennedy*, 87 App'x at 467.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; (2) Plaintiff's request for a Sentence Four remand be **DENIED**; and (3) this case be **CLOSED**.

Date:  May 3, 2019               s/ Michael J. Newman
                                 Michael J. Newman
                                 United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).